**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| LEONARDO GOMES, | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) **Complaint** |
| | ) **Class Action** |
| Defendant. | ) **Jury Trial Demanded** |
| _____ | ) |

## NATURE OF ACTION

1. Plaintiff Leonardo Gomes ("Plaintiff") brings this putative class action against Defendant Portfolio Recovery Associates, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. Defendant has committed violations of the FDCPA and FCCPA that are particular to Plaintiff and that actually exposed him to a material risk of real harm that these statutes were designed to protect against.

5. Defendant's conduct, therefore, caused Plaintiff to suffer an injury-in-fact that gives him standing to bring this action under Article III.

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

8. The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

9. It also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

10. Whether a debt collector's conduct violates §§ 1692e and 1692f is assessed under the "least-sophisticated consumer standard." *LeBlanc*, 601 F.3d at 1194.

11. "The law was not 'made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous . . .'" *Id*.

12. "The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir.1993).

## FLORIDA CONSUMER COLLECTIONS PROTECTION ACT

13. The FCCPA is a legislative effort "to curb . . . a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist.

App. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville,* 338 So.2d 196, 200-201 (Fla.1976)).

14. The Florida legislature declared that the provisions of the FCCPA are "in *addition* to the requirements and regulations of the [FDCPA]." Fla. Stat. § 559.552 (emphasis added).

15. "In the event of any inconsistency between any provision of [the FCCPA] and any provision of the [FDCPA]*,* the provision which is *more protective* of the consumer or debtor *shall prevail*." *Id*. (emphasis added).

16. The FCCPA provides that, "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

17. "To establish a violation" under "Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

18. In addition to actual and statutory damages, the FCCPA also provides for "punitive damages" and "equitable relief." Fla. Stat. § 559.77(2).

19. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So.2d at 200).

## PARTIES

20. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Miami.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

22. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

24. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

25. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card account through Capital One Bank (the "Debt").

26. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

27. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

28. In connection with the collection of the Debt, Defendant sent Plaintiff a written letter dated May 16, 2017 ("the Letter").

29. A true and accurate copy of the Letter is attached to this complaint as Exhibit A.

30. Plaintiff last made payment on the Debt in 2010.

31. The State of Florida sets a five year statute of limitation for initiating an action on the Debt. *See* Fla. Stat. Ann. § 95.11(2)(b).

32. Therefore, the Debt was beyond the statute of limitations and Defendant could take no legal action to collect it.

33. Defendant knew that the Debt was outside the statute of limitations at the time it sent the Letter to Plaintiff.

34. The Letter asserted the "current balance due" was $1,557.02, that the "seller" of the Debt was Capital One Bank (USA), N.A., and that the Debt was owed to Defendant. Exhibit A.

35. In the Letter, Defendant states that it "works with people to create flexible payment arrangement to resolve their debt. We would love the opportunity to do the same for **YOU**. Please contact us. We are standing by and ready to help." *Id*. (emphasis in original).

36. Through the Letter, Defendant presented Plaintiff with two "offers." *Id*.

37. The first offer was to "pay the full balance" of $1,557.02, either in a single payment, in six monthly payments of $259.50, or in twelve monthly payments of $129.75. *Id*.

38. In exchange for accepting the first offer and making the payments required by that offer, the Letter states that the Debt will be considered "Paid in Full." *Id*.

39. The second offer was to "choose a savings plan" wherein Plaintiff could make one payment of $1,167.77 "and save $389.25," or more six or twelve "consecutive month[ly] payments, purportedly saving $311.42 or $233.54, respectively. *Id*.

40. In exchange for accepting the second offer and making the payments required by that offer, the Letter states that the Debt will be considered "Settled in Full." *Id*.

41. Defendant used language in the Letter that gave, or would give, the least sophisticated consumer the misleading impression that the Debt was legally enforceable.

42. Below these offers, the Letter warns that the "**first payment must be received NO LATER than: 06/16/2017**." *Id.* (emphasis in original).

43. The Letter then warns that Defendant is "not obligated to renew this offer." *Id.*

44. Below these warnings, the Letter presents several contact methods using pictographic icons, including one that explains that Plaintiff could make payment online at www.prapay.com.

45. For example, the Letter (1) makes "offers" to "resolve" the Debt; (2) states that the Debt will be considered "settled" upon making final payment; (3) states that Defendant "works with people" and was "ready to help" by creating "flexible payment arrangements" that will result in "savings"; (4) providing a deadline by which "payment must be received" and warning that it is "not obligated to renew this offer"; and (5) by stating that it was "an attempt to collect a debt" and that "any information obtained [would] be used for that purpose." *Id.*

46. The Letter also states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" (hereinafter "the Disclosure"). *Id.*

47. At the time he received the Letter, Plaintiff believed that debts were generally subject to a seven-year statute of limitations period.

48. Plaintiff formed this belief after reviewing various websites about consumer rights.

49. Upon information and belief, Plaintiff confused the amount of time a creditor has to sue on a debt under state law with the amount of time a debt may be reported by a credit bureau pursuant to 15 U.S.C. § 1681c(a)(4) of the Fair Credit Reporting Act.

50. When he received the Letter, Plaintiff believed that he had received it because the seven year time period in which the creditor would be able to sue him was approaching.

51. As a result of the Letter, Plaintiff became concerned that a judicial enforcement action might be taken on the Debt.

52. The Disclosure does not state that Defendant is prohibited by law from suing Plaintiff.

53. In addition, the least sophisticated consumer has no way of knowing whether Defendant will re-sell the Debt to someone else, who might sue him.

54. Therefore, even if Plaintiff, or the least sophisticated consumer, read and understood the Disclosure, the Letter could have caused him, or the least sophisticated consumer, to make payment under the false belief that Defendant was offering a final opportunity to pay the Debt before it was sold to another creditor who would or might bring a lawsuit.

55. Furthermore, upon information and belief, Defendant actually collects more money from consumers when it includes legal disclosures, like the Disclosure, that mention litigation.

56. Upon information and belief, this is because the mere mention of litigation causes unsophisticated consumers, who are not equipped to comprehend the Disclosure, to worry about legal action and therefore make payment.

57. In addition, the Letter failed to advise Plaintiff that a partial payment could restart the statute of limitations period. *See* Exhibit A.

58. Defendant solicited Plaintiff to make partial payments on the Debt by including the option to make monthly payments, ranging from six to twelve months. Exhibit A.

59. Defendant's May 16, 2017 letter failed to disclose the risk that, if Plaintiff did make a partial payment on the Debt and was unable to complete the terms of the settlement offers, the statute of limitations on the Debt would be renewed.

60. By making settlement offers without disclosing that a partial payment would revive the statute of limitations period for the entirety of the debt, Defendant's actions were unconscionable.

61. Further, by stating "[w]e are not obligated to renew this offer" Defendant's May 16, 2017 letter was false, misleading, or deceptive, because the least sophisticated consumer could read the letter as suggesting there could be financial consequences to not paying the Debt, when in fact, the Debt was unenforceable.

## CLASS ALLEGATIONS

62. Plaintiff repeats and re-alleges all factual allegations above.

63. The Letter is based on a form or template (the "Template").

64. Defendant is one of the nation's largest debt buyers.

65. Defendant has used the Template to send collection notices to at least forty individuals in the State of Florida, within the one year prior to the filing of the original complaint in this matter, regarding a Capital One credit card.

66. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent classes of individuals defined as:

> FDCPA Class
>
> All persons located in the State of Florida to whom Defendant, within one year before the filing of the original complaint in this action through the date of class certification, sent a letter based on the Template regarding a Capital One credit card debt where the charge off date preceded the date of the letter by more than five years.

### FCCPA Class

All persons located in the State of Florida to whom Defendant, within two years before the filing of the original complaint in this action through the date of class certification, sent a letter based on the Template regarding a Capital One credit card debt where the charge off date preceded the date of the letter by more than five years.

67. The proposed classes specifically exclude the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

68. The classes are averred to be so numerous that joinder of members is impracticable.

69. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

70. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

71. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) whether Defendant violated the FDCPA by sending the Template; (b) whether Defendant violated the FCCPA by sending the Template; (c) whether Defendant's actions were intentional; and (d) the availability of statutory penalties and punitive damages.

72. The claims of Plaintiff are typical of the claims of the classes he seeks to represent.

73. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

74. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

75. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

76. Plaintiff is willing and prepared to serve this Court and the proposed class.

77. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

78. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

79. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) with respect to the FCCPA Class in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

80. Namely, Defendant is aware that its conduct is deceptive, but Defendant continues to collect a significant amount of money from consumers by falsely asserting that it is attempting to collect an enforceable debt.

81. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) with respect to both classes in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

82. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

83. Plaintiff repeats and re-alleges each and every factual allegation above.

84. The FDCPA forbids the use of false, deceptive, or misleading representations or means in connection with the collection of a debt. 15 U.S.C. § 1692e.

85. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

86. Defendant violated 15 U.S.C. § 1692e because the Template could mislead the least sophisticated consumer into believing that the debt was enforceable.

87. In addition, the least sophisticated consumer could be deceived into restarting the statute of limitations on the debt by making a partial payment in response to the Template.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure of the FDCPA Class, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the FDCPA Class;

c) Awarding Plaintiff and the FDCPA Class actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other FDCPA Class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the FDCPA Class reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the FDCPA Class pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

88. Plaintiff repeats and re-alleges each and every factual allegation above.

89. The FDCPA forbids the use of unfair or unconscionable means to collect, or attempt to collect, a debt.  15 U.S.C. § 1692f.

90. Defendant violated 15 U.S.C. § 1692f by sending the Template, which attempted to induce Plaintiff to make a partial payment toward the debt, which would have renewed the statute of limitations for the entire debt owed.

91. In addition, or in the alternative, had Plaintiff entered into a payment plan on the debt, a new, enforceable obligation would have been created out of the unenforceable, time-barred debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure of the FDCPA Class, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and the FDCPA Class;

c) Awarding Plaintiff and the FDCPA Class actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other FDCPA Class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the FDCPA Class reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the FDCPA Class pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(9)

92. Plaintiff repeats and re-alleges each and every factual allegation above.

93. The FCCPA forbids a debt collector from asserting the existence of a legal right when it knows that the right does not exist. Fla. Stat. Ann. § 559.72(9)

94. Defendant violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right by sending the Template to Plaintiff, when, in fact, the debt was outside the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure of the FCCPA Class, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated Fla. Stat. § 559.72(9) with respect to Plaintiff and the FCCPA Class

c) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding all other FCCPA class members such amount as the court may allow, not to exceed the lesser of $500,000 or one percent of Defendant's net worth, with no individual class member being awarded statutory damages in excess of $1,000, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff and the FCCPA Class actual damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff and the FCCPA Class punitive damages, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff and the FCCPA Class such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff and the FCCPA Class reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

i) Awarding Plaintiff and the FCCPA Class pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

95. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 10, 2018.                               Respectfully submitted,

 /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

*Co-counsel with THOMPSON CONSUMER LAW GROUP, PLLC*

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com