UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21872-CIV-ALTONAGA/Goodman

**LEONARDO GOMES**,

    Plaintiff,
v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant, Portfolio Recovery Associates, LLC's Motion to Dismiss Complaint [ECF No. 12], filed June 22, 2018.  Plaintiff, Leonardo Gomes, filed a Response to Defendant's Motion to Dismiss [ECF No. 18], to which Defendant filed a Reply [ECF No. 26].  The Court has carefully considered the Complaint [ECF No. 1], written submissions, the record and applicable law.  For the reasons that follow, the Motion is denied.

### I.  BACKGROUND

Plaintiff incurred a debt (the "Debt") using a personal credit card account through Capital One Bank.  (*See id.* ¶¶ 24–25).  The Debt totals $1,557.02.  (*See id.* ¶ 34).  Plaintiff last made a payment on the Debt in 2010.  (*See id.* ¶ 30).  Defendant is a debt collector who bought the Debt from Capital One Bank.  (*See id.* ¶¶ 23, 34).

Defendant sent Plaintiff a Collection Letter [ECF No. 1-1] dated May 16, 2017 informing Plaintiff his debt had been sold to Capital One Bank.  (*See* Compl. ¶¶ 28, 34).  Defendant made two offers in its Collection Letter: "pay the full balance" or "choose a savings plan."  (Collection Letter (capitalization omitted); *see also* Compl. ¶¶ 36–37, 39).  Written under the two offers, the

Collection Letter noted the "**first payment must be received NO LATER than: 06/16/2017**" (Collection Letter (emphasis in original)), and that Defendant was not obligated to renew the offer contained in the Collection Letter (*see id.*). The Collection Letter also included options to make monthly payments ranging from six to twelve month plans. (*See* Compl. ¶ 58).

The Collection Letter did not state Defendant is prohibited by law from suing Plaintiff. (*See id*. ¶ 52). The Collection Letter included a disclosure stating: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (Collection Letter). The Collection Letter did not inform Plaintiff partial payment would renew the statute of limitations. (*See* Compl. ¶¶ 57, 59). Plaintiff alleges Defendant's failure to explain a partial payment would revive the statute of limitations period for the Debt was unconscionable (*see id*. ¶ 60); and that the Collection Letter was false, misleading, or deceptive (*see id*. ¶ 61).

On May 10, 2018, Plaintiff filed a putative class action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692e, 1692f; and the Florida Consumer Collections Protection Act ("FCCPA"), *see* Fla. Stat. § 559.72(9). (*See generally* Compl.). He seeks statutory and actual damages, reasonable attorneys' fees and costs. (*See generally id.*). Plaintiff alleges Defendant (1) violated 15 U.S.C. section 1692e, by the use of false, deceptive, or misleading representations in connection with the collection of a debt ("Count I") (*see id*. ¶¶ 83–87), (2) violated 15 U.S.C. section 1692f, by the use of unfair or unconscionable means to collect, or attempt to collect, a debt ("Count II") (*see id*. ¶¶ 88–91); and (3) violated Florida Statute section 559.72(9), which forbids a debt collector from asserting the existence of a legal right when it knows the right does not exist ("Count III") (*see id*. ¶¶ 92–95). On June 22, 2018, Defendant moved to dismiss the Complaint under Federal Rule of Civil

Procedure 12(b)(6) for failure to state claims for relief under the FDCPA and FCCPA. (*See generally* Mot.).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). The scope of review on a motion to dismiss under Rule 12(b)(6) is limited

to the four corners of the complaint. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). But where a plaintiff refers to certain documents in the complaint central to his claim, those documents are considered part of the pleading for the purpose of resolving a motion to dismiss. *See Brooks*, 116 F.3d at 1369 (citation omitted).

### III. DISCUSSION

Defendant argues Plaintiff fails to state a claim under either the FDCPA or the FCCPA. (*See generally* Mot.; Reply). Plaintiff disagrees, insisting Defendant's arguments are not well-taken at this stage of the proceedings. (*See generally* Resp.). The Court agrees with Plaintiff, and explains its reasoning below.

#### A. FDCPA Claims (Counts I & II)

"The [FDCPA] provides a civil cause of action against any debt collector who fails to comply with the requirements of the Act." *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (alteration added; citation omitted). "In order to prevail on a[] FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a debt collector under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229, 1233–34 (S.D. Fla. 2017) (alteration added; internal quotation marks omitted) (quoting *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306–07 (S.D. Fla. 2011)).

Here, the Collection Letter states Defendant is a debt collector and the Collection Letter is an attempt to collect debt. (*See* Collection Letter). The parties do not dispute Plaintiff was the object of collection activity or that Defendant is a debt collector under the FDCPA. (*See*

*generally* Mot.; Resp.). Instead, the crux of the parties' dispute with regard to Counts I and II is whether (1) Plaintiff states a claim under sections 1692e and 1692f of the FDCPA; and (2) Defendant qualifies for the safe harbor provision of the FDCPA, discussed *infra* at 9–11. (*See generally* Mot.; Resp.; Reply).

### 1. Failure to State a Claim

Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (alteration added). Under section 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f (alteration added). Whether a communication violates the FDCPA is judged by an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The least sophisticated consumer possesses a "rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (internal quotation marks and citation omitted).

Defendant asserts the Collection Letter does not violate sections 1692e and 1692f of the FDCPA because Defendant was within its rights to make collection attempts on Plaintiff's time-barred debt. (*See* Mot. 5–6 (collecting cases)). This argument misses the point. Plaintiff does not allege Defendant was not within its rights to attempt to collect a time-barred debt. (*See generally* Compl.; Resp.). Rather, Plaintiff argues the Collection Letter "is filled with misleading language and innuendo" that do not make it clear (1) the statute of limitations period has ended; and (2) paying any amount of the Debt will serve to revive the statute of limitations

5

period. (Resp. 4).

Defendant also asserts the language of the Collection Letter could not possibly be construed as misleading. (*See* Mot. 6–7). In his Response, Plaintiff lays out several ways in which the Collection Letter may mislead the least sophisticated consumer. (*See* Resp. 3–5). Specifically, Plaintiff states the Collection Letter's "'Settled in Full'" language, included in the Collection Letter's payment plan options, "could mislead a consumer into believing that the debt was an enforceable obligation — even without an express threat of litigation." (*Id.* 3–4 (citations omitted)). Plaintiff also argues the Collection Letter's warning, in bold text, that "**first payment must be received NO LATER than: 06/16/2017**" deceivingly suggests "there will be consequences to ignoring [Defendant's] offers." (*Id.* 4 (emphasis in original; alteration added) (quoting Collection Letter)). Defendant insists the language is not confusing, and that "Settled in Full" merely refers to "the credit reporting of the account" and not potential litigation. (Reply 3). Ultimately, the parties "disagree on the proper inferences that can be drawn" from the Collection Letter, or whether the language of the Collection Letter is confusing to the least sophisticated consumer; as such, "resolution is for the trier of fact — not for the [C]ourt." *LeBlanc*, 601 F.3d at 1197 (alteration added; citation omitted)).

According to Defendant, several courts have found no reasonable jury could conclude the least sophisticated consumer would be misled by language identical to that of its Collection Letter. (*See* Mot. 7–8 (citing cases)). But Defendant misrepresents the underlying facts and holdings of many of the cases it relies on.

First, Defendant cites to *Valle v. First Nat'l Collection Bureau, Inc.*, stating the "same language at issue here" was found neither "false [n]or deceptive" when "read in the context of the entire paragraph . . . even from the perspective of least sophisticated consumer." (*Id.*

6

(alterations added) (quoting 252 F. Supp. 3d 1332, 1340 (S.D. Fla. 2017))). Notably, the full disclosure in *Valle* stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

*Valle*, 252 F. Supp. 3d at 1339. Clearly the language in *Valle* is not the same as the language of the Collection Letter in this case. In *Valle*, the two additional sentences in the collection letter amount to a clear warning that any payment of the debt will restart the statute of limitations — a warning Plaintiff states he should have received from Defendant but did not.

Next, Defendant cites to cases outside of this District, misrepresenting either the underlying facts of the cases or their holdings. (*See* Mot. 7–8 (collecting cases)). Several cases Defendant relies on and characterizes as presenting "identical disclosures" are easily distinguishable (*id.* 7), because the disclosures are anything but identical. *See, e.g.*, *Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-CV-2520-T-23AAS, 2016 WL 4248009, at * 1 (M.D. Fla. Aug. 11, 2016) (granting a motion to dismiss where the collection letter stated the consequence of not paying the debt would be defendant reporting the debt to credit reporting agencies as unpaid); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 363 (D.N.J. 2016) (same); *Boedicker v. Midland Credit Mgmt., Inc.*, 227 F. Supp. 3d 1235, 1237–38 (D. Kan. 2016) (granting summary judgment where the language of the collection letter makes clear the consequence of not paying the debt would be the defendant "continu[ing] to report it to the credit reporting agencies as unpaid" (alteration added)); *Burgess v. Portfolio Recovery Assocs., LLC*, No. 16-1463, 2017 WL 2471802, at *4 (C.D. Cal. March 23, 2017) (same). In each of these

cases, the collection letters stated the consequence of not paying the debt was continued reporting of the debt to credit reporting agencies as unpaid; whereas in this case, Plaintiff asserts the consumer is left to wonder as to the consequence of not paying the debt. (*See* Resp. 4–5). Defendant also cites to *Judah v. Total Card, Inc*. for the proposition the court held identical language did not violate the FDCPA (*see* Mot. 7–8 (citing No. 16-5881, 2017 WL 2345636, at *5 (D.N.J. May 30, 2017)), but it does not disclose the court dismissed the complaint because plaintiff failed to show how a partial payment would restart the statute of limitations under New Jersey law, *see* 2017 WL 2345636, at *5–6, not that the plaintiff failed to show how the collection letter was deceptive given a scenario where partial payment would have restarted the statute of limitations period, as is the case here.

Curiously, Defendant also relies on *Baye v. Midland Credit Management, Inc*., in which the court was faced with identical language in a collection letter, for the proposition FDCPA claims should be dismissed for failure to state a claim under sections 1692e and 1692f. (*See id*. 7 (citing No. 17-4789, 2017 WL 3425438, at *4–5 (E.D. La. Aug. 9, 2017))). *Baye* was reconsidered and the order dismissing the claims under sections 1692e and 1692f was rescinded.[1] *See Baye v. Midland Credit Mgmt., Inc*., No. 17-4789, 2017 WL 4918998, at *14 (E.D. La. Oct. 31, 2017) ("*Baye II*") ("[T]he Court finds that the plaintiff has stated a plausible claim insofar as she alleges that defendants' letters soliciting partial payment without disclosing the possibility of revival violate the FDCPA." (alteration added)). The reasoning of *Baye II* supports Plaintiff's contention that "[a] court's determination of 'whether a collection letter is confusing is a question of fact.'" *Id*. at *7 (alteration added; citations omitted).

---

[1] Defendant cites to *Baye* (*see* Mot. 7), but does not disclose the order was rescinded months after it was issued, *see Baye II*, 2017 WL 4918998, at *14. Defendant's counsel's failure to disclose the holding in *Baye II* runs afoul of the duty to disclose under the Florida Rules of Professional Conduct. *See* Chapter 4, Rules Regulating the Florida Bar § 4-3.3(3).

8

Upon close review, only three of the district court opinions upon which Defendant relies (*see* Mot. 7–8 (collecting cases)), actually support its contention that the language in the Collection Letter does not violate the FDCPA. *See Miran v. Convergent Outsourcing Inc*., No. 16-0692, 2016 WL 7210382, at *5 (S.D. Cal. Dec. 13, 2016) (granting a motion for judgment on the pleadings based on similar language in a collection letter); *Cohen v. Dynamic Recovery Sols*., No. 16-576, 2016 WL 4035433, at *3 (D.N.J. July 26, 2016) (granting a motion for judgment on the pleadings based on similar language in a collection letter); *Filgueiras v. Portfolio Recovery Assocs*., No. 15-8144, 2016 WL 1626958, at *11 (D.N.J. Apr. 25, 2016) (granting in part a motion to dismiss because a similar disclaimer would not mislead even the least sophisticated debtor into believing the debt was legally enforceable). But of these decisions, only one — *Filgueiras* — was decided on a motion to dismiss, *see* 2016 WL 1626958, at *11, after the plaintiff abandoned her claim, *see id.* at *11 n.9.

Viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff presents a plausible claim under the FDCPA by alleging the Collection Letter would mislead the least sophisticated consumer into taking action that would serve to restart the statute of limitations. *See, e.g.*, *Bereket v. Portfolio Recovery Assocs., LLC*, No. 17-0812, 2017 WL 4409480, *6 (W.D. Wash. Oct. 4, 2017) (denying motion to dismiss on facts similar to those alleged here); *Baye II*, 2017 WL 4918998, at *14 (same). Consequently, the Court will not decide whether the Collection Letter is false, deceptive, or misleading at the motion to dismiss stage. *See LeBlanc*, 601 F.3d at 1197.

### 2. Safe Harbor Provision

Under section 1692k(e) of the FDCPA, "[n]o provision . . . imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the

[Consumer Financial Protection] Bureau." 15 U.S.C. § 1692k(e) (alterations added). Defendant claims to have acted in accordance with consent orders entered into with the Federal Trade Commission and the Consumer Financial Protection Bureau ("CFPB"), and thus, argues the safe harbor provision of the FDCPA applies and it cannot be held liable under the FDCPA. (*See id.* 13–14).

The parties accept the content of the September 8, 2015 consent order with the CFPB ("Consent Order") as true (*see* Mot. 13; *see also* Resp. 6–7), and the Consent Order is found on a government website.[2] *See FAS Capital, LLC v. Carr*, 7 F. Supp. 3d 1259, 1266 (N.D. Ga. 2014) (defining public records as including facts found on websites of government agencies); *see also Peruta v. Cty. of San Diego*, 678 F. Supp. 2d 1046, 1053–54 (S.D. Cal. 2010) ("the Court can properly take judicial notice of the documents appearing on a governmental website."). As such, the Court takes judicial notice of the Consent Order.[3] *See Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases.").

Under the Consent Order, Plaintiff highlights the requirement that Defendant make disclosures "Clearly and Prominently" (Resp. 6 (quoting Consent Order ¶ 126)), meaning "'written in a type size and location sufficient for an ordinary consumer to read and comprehend'" (*id.* (quoting Consent Order ¶ 7(a))). Plaintiff also states the Consent Order prohibits "'any representation or statement, or taking any other action that interferes with, detracts from, contradicts, or otherwise undermines the disclosures required in Paragraph 126 of

---

[2] https://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recoveryassociates llc.pdf

[3] Defendant cites to a Consent Order published by the CFPB, in which Defendant was a party. (*See* Mot. 13). The Consent Order was entered, in part, due to the CFPB's finding that "prior to March 1, 2012, [Defendant] sent letters that failed to disclose that the debt was 'too old for litigation.'" (*Id.* (citing Consent Order ¶¶ 59, 75–78) (alteration added)).

this section.'" (*Id*. (quoting Consent Order ¶ 127)). Plaintiff correctly points out the terms of the Consent Order are subject to interpretation, since a reasonable jury could conclude the disclosure was not "Clearly and Prominently" made or that the language surrounding the disclosure contradicts or undermines the disclosure. (*See* Resp. 6–7). Defendant does not address these arguments in its Reply.

Furthermore, the only cases Defendant cites in which courts have found section 1692k(e) provides a safe harbor for a debt collector that seeks and receives legal opinions from the FTC and CFPB are cases reviewing district court decisions at a later stage — summary judgment and *in limine* orders. (*See* Mot. 13–14 (citing *Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 363 (3d Cir. 2015); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 588 (2010))). Regardless of whether the safe harbor provision applies to the Consent Order, whether Defendant meets the Consent Order's requirements is another question of fact not suitable for disposition on a motion to dismiss.

### B. FCCPA Claim ("Count III")

"The FCCPA is 'a Florida state analogue to the federal FDCPA,' and both statutes are intended to eliminate abusive practices used by debt collectors." *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1286 (M.D. Fla. 2017) (footnote call number, internal quotation marks, and citations omitted). The FCCPA makes it unlawful for a debt collector to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72 (alteration added). "To establish a violation under section 599.72(9) of the FCCPA, it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Daniel v. Select*

*Portfolio Servicing, LLC*, 159 F. Supp. 3d 1333, 1336 (S.D. Fla. 2016) (internal quotation marks and citation omitted).

Defendant states Count III should be dismissed because Plaintiff does not allege the Collection Letter asserted a "legal right" where one did not exist. (*See* Mot. 14–15). According to Plaintiff, the "legal right asserted . . . is the right to obtain payment on the [D]ebt by some means, other than voluntary payment" (Resp. 7 (alterations added)); despite knowing "the [D]ebt was outside the statute of limitations" (Compl. ¶ 94 (alteration added)). The issue presented is one of fact: whether Defendant's act of sending the Collection Letter in an attempt to enforce a debt was sufficiently confusing to imply a legal right existed when Defendant knew it did not. The Court will not decide this question of fact on a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Portfolio Recovery Associates, LLC's Motion to Dismiss Complaint **[ECF No. 12]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record