CASE NO. 18-21872-CIV-ALTONAGA/Goodman

LEONARDO GOMES,

       Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

       Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Leonardo Gomes's Motion for Class Certification and Appointment of Class Representative and Class Counsel [ECF No. 44], filed November 20, 2018. Defendant, Portfolio Recovery Associates, LLC filed its Response in Opposition [ECF No. 56] on January 4, 2019; and Plaintiff filed his Reply [ECF No. 57] on January 11, 2019. The Court has carefully reviewed the Complaint [ECF No. 1], the memoranda filed, and applicable law. For the reasons that follow, the Motion is denied.

## I.     BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff is a Florida resident who was obligated to pay a debt ("Debt") as a result of a transaction in which the money or services that are the subject of the transaction were incurred primarily for personal or household purposes — that is, a personal credit card account through Capital One Bank. (*See* Compl. ¶¶ 20, 24, 25). Plaintiff last made payment on the Debt in 2010. (*See id.* ¶ 30). The State of Florida sets a five-year statute of limitations for initiating an action on a debt. (*See id.* ¶ 31 (citing Fla. Stat. § 95.11(2)(b))).

Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. (*See id.* ¶ 27). Defendant sent Plaintiff a letter on May 16, 2017 ("Collection Letter"), beyond the statute of limitations and knowing the Debt was outside the statute of limitations. (*See id.* ¶ 33).

The Collection Letter states the "current balance due" on the Debt is $1,557.02; the "seller" of the Debt is Capital One Bank (USA), N.A.; and the Debt is owed to Defendant. (*See id.* ¶ 34 (quoting Compl. Ex. A [ECF No. 1-1]))). The Collection Letter states Defendant "works with people to create flexible payment arrangements to resolve their debt. We would love the opportunity to do the same for **YOU**. Please contact us." (*Id.* ¶ 35 (quoting Compl. Ex. A (emphasis in original))).

The Collection Letter presents Plaintiff with two "offers": the first is to "pay the full balance" of $1,557.02 in a single payment, six monthly payments, or 12 monthly payments, in exchange for which the Debt would be considered "Paid in Full." (*Id.* ¶¶ 36–38 (quoting Compl. Ex. A)). The second offer is to "choose a savings plan" wherein Plaintiff could make one payment of $1,167.77 "and save $389.25," or make six or 12 "consecutive month[ly] payments," purportedly saving $311.42 or $233.54, respectively (*id.* ¶ 39 (quoting Compl. Ex. A)); in exchange for accepting the second offer and making the payments the Debt would be considered "Settled in Full" (*id.* ¶ 40 (quoting Compl. Ex. A)).

Defendant used language in the Collection Letter that gave or could give the least sophisticated consumer the misleading impression the Debt was legally enforceable. (*See id.* ¶ 41; August 22, 2018 Order [ECF No. 27] 9 ("[T]he Court finds Plaintiff presents a plausible claim under the FDCPA by alleging the Collection Letter would mislead the least sophisticated consumer into taking action that would serve to restart the statute of limitations." (alteration

added))). Indeed, appearing under the two offers, the Collection Letter notes the "**first payment must be received NO LATER than: 06/16/2017**" (*id.* ¶ 42 (quoting Ex. A (quotation marks omitted; emphasis in original))), and then warns Defendant is not obligated to renew the offer contained in the Collection Letter (*see id.* ¶ 43).

The Collection Letter does not state Defendant is prohibited by law from suing Plaintiff. (*See id.* ¶ 52). The Collection Letter includes a disclosure ("Disclosure") stating: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (*Id.* ¶ 46 (quoting Compl. Ex. A (quotation marks omitted))). Defendant collects more money from consumers when it includes legal disclosures that mention litigation, like the Disclosure. (*See id.* ¶ 55). Based on information gleaned from consumer websites (*see id.* ¶ 48), Plaintiff believed debts were generally subject to a seven-year statute of limitations period (*see id.* ¶ 47). Plaintiff became concerned a judicial enforcement action might be taken on the Debt. (*See id.* ¶ 51).

The Collection Letter does not inform Plaintiff partial payment would renew the statute of limitations. (*See id.* ¶¶ 57, 59). Defendant solicited Plaintiff to make partial payments on the time-barred Debt by including the option to make monthly payments, ranging from six to 12 months. (*See id.* ¶ 58). Plaintiff alleges Defendant's failure to explain a partial payment would revive the statute of limitations period for the Debt is unconscionable (*see id.* ¶ 60), and the Collection Letter is false, misleading, or deceptive (*see id.* ¶ 61).

On May 10, 2018, Plaintiff filed this putative class action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692e, 1692f; and the Florida Consumer Collections Protection Act ("FCCPA"), *see* Fla. Stat. § 559.72(9). (*See generally* Compl.). Plaintiff alleges Defendant (1) violated the FDCPA, 15 U.S.C. section 1692e, by

making false, deceptive, or misleading representations in connection with the collection of a debt ("Count I") (*see id*. ¶¶ 83–87); (2) violated the FDCPA, 15 U.S.C. section 1692f, by using unfair or unconscionable means to collect, or attempt to collect, a debt ("Count II") (*see id*. ¶¶ 88–91); and (3) violated the FCCPA, Florida Statute section 559.72(9), which forbids a debt collector from asserting the existence of a legal right when it knows the right does not exist ("Count III") (*see id*. ¶¶ 92–94).

> Plaintiff seeks to certify the following FDCPA class:
>
> All persons located in the State of Florida to whom Defendant, within one year before the filing of the original complaint in this action through the date of class certification, sent a letter based on the Template regarding a Capital One credit card debt where the charge off date preceded the date of the letter by more than five years.

(*Id.* ¶ 66). Plaintiff also seeks to certify the following FCCPA class:

> All persons located in the State of Florida to whom Defendant, within two years before the filing of the original complaint in this action through the date of class certification, sent a letter based on the Template regarding a Capital One credit card debt where the charge off date preceded the date of the letter by more than five years.

(*Id.*).

Plaintiff states class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) with respect to both classes, as "questions of law and fact that are common to members of the class predominate over any questions affecting only individual members" (*id.* ¶ 81); and under Rule 23(b)(2) with respect to the FCCPA class because "Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate" (*id.* ¶ 79). Plaintiff seeks statutory and actual damages, reasonable attorney's fees and costs for himself and the two proposed classes. (*See generally* Compl.).

### B. The Class Certification Record[1]

#### i. *Facts Highlighted by Plaintiff*

In his Motion, Plaintiff offers additional background information. Plaintiff states Defendant purchases portfolios of bad debts from creditors who have sat on their rights and turns them into profit by extracting payments from unwitting customers using carefully worded collection letters, as it sought to do with Plaintiff. (*See* Mot. 1). Defendant has five "teams" that may send a letter to a consumer based on a company-wide template: acquisitions, disputes, strategy, digital, and legal. (*See id.* 3 (citing Ex. C [ECF No. 43-3] 2)). Defendant's acquisitions team sent Plaintiff a collection letter on April 1, 2014; thereafter, all letters from Defendant to Plaintiff, but for a July 15, 2017 letter, were sent by Defendant's "strategy" team. (*See id.* 3 (citing Ex. C [ECF No. 43-3] 4)).

Defendant is "constantly changing letters" on the basis of the letters' performance and is able to segregate by electronic means what letter was sent to a particular person and whether the person made payment over the phone, online, or by mail. (*Id.* 4). Defendant sent Plaintiff 14 letters over a four-year period and attempted to contact him by phone eight times. (*See id.* 3).

Plaintiff asks the Court to certify the following class and appoint him its representative:

> All individuals located in the State of Florida to whom PRA, between May 10, 2016 through the date of class certification, sent a letter based on the template used to create the May 16, 2017 letter that PRA sent to Mr. Gomes (Doc. 1-1), regarding a Capital One credit card debt where the charge off date reported by Capital One preceded the date of the letter by more than five years.

(*Id.* 6). Plaintiff insists he has demonstrated his ability to represent the interests of the absent

---

[1] "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. . . . . [S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question . . . ." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original; internal quotation marks and citation omitted; alteration added).

class members by his attendance at mediation and by retaining competent counsel with experience in consumer class actions. (*See id.* 15–16).

Because the FDCPA has a one-year statute of limitations, 15 U.S.C. section 1692k(d), whereas the FCCPA has a two-year statute of limitations, Fla. Stat. section 559.77(4), Plaintiff proposes, "[f]or the sake of convenience," the Court certify one class, with members' recovery being calculated according to the dates on which they were sent collection letters. (*Id.* 6 (alteration added)).[2] Given Defendant changes the templates for its letters on a quarterly basis, Plaintiff believes all class members will have received letters between April 1, 2017 and June 30, 2017. (*See id.* 7). The date when a class member received a letter —May 10, 2017 or later, or May 9, 2017 or earlier — will control whether the class member is entitled to pro-rata recovery of statutory damages of $500,000 under the FDCPA — under 15 U.S.C. section 1692k(a)(2)(B)(ii) — and the FCCPA, or no statutory damages at all. (*See id.*).

While Plaintiff made no payment in response to the Collection Letter, Plaintiff seeks to recover actual damages, that is, payments made by class members in direct response to the specific letter template each received. (*See id.*). By querying Defendant's database, Plaintiff states he will be able to identify the class members who made payments by mail, and the jury will be able to resolve the actual damages claims by "simple reference" to the letter. (*Id.*). For those who made payments online, Plaintiff foresees Defendant will have the opportunity to offer any evidence regarding its website to try to show the time-barred nature of the debts was more clearly disclosed than in the letter. (*See id.*). And for those who made payments by phone, Plaintiff envisions he and Defendant will present evidence of Defendant's telephonic disclosures,

---

[2] Indeed, Plaintiff "recognizes that, by merging the FDCPA and FCCPA classes originally pleaded, some members of this single 'class' will not have timely FDCPA claims. These members will only be able to recover under the FCCPA, based on its two-year statute of limitations. This should not cause the putative class to fail . . . ." (Mot. 13 (alteration added)). Plaintiff even suggests the Court may consider certifying "two different classes, where the only difference is the one-year versus two-year class period." (*Id.*).

including listening to the recordings of conversations between the class members and Defendant, and the jury will decide whether the individuals were likely to have understood the time-barred nature of their debts before making payment. (*See id.* 7–8). Plaintiff acknowledges the Court "may amend the certification order to exclude such individuals from the class." (*Id.* 8).

### ii. Facts Highlighted by Defendant

Defendant challenges the notion that Plaintiff is an appropriate representative for the class he proposes. Defendant asserts Plaintiff is not even a member of his proposed class, for while he received 15 collection letters, he was not misled into making a single payment to the Defendant on his account. (*See* Resp. 1). Plaintiff does not recall receiving the letters and does not remember whether he even read them. (*See id.* 3 (citing Gomes Dep. [ECF No. 56-2] 29–40; 56–57; 60–63)). Despite his purported concern the Debt was legally enforceable, Plaintiff never contacted Defendant. (*See id.* (citing Gomes Dep. 69–75; 76–82)). As detailed in the Response, and confirmed by a review of Plaintiff's deposition testimony, Plaintiff "could not remember any specific details about the allegations in his complaint and lacked a general understanding of his claims." (*Id.* 6).

## II. STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 348 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "Questions concerning class certification are left to the sound discretion of the district court." *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004) (citing *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998)), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). With this "great power comes great responsibility; the awesome power of a district court must be

'exercised within the framework of [Federal Rule of Civil Procedure] 23.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (alteration added)). Thus, to be entitled to class certification, the party seeking certification must have standing and meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as the requirements of at least one subsection of Federal Rule of Civil Procedure 23(b). *See Klay*, 382 F.3d at 1250 (citations omitted).

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc.*, 564 U.S. at 349. Under Rule 23(a), the party seeking class certification has the burden of showing that the four requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (citations omitted). Rule 23(a) provides one or more members of a class may sue as representative on behalf of all members if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The class must also satisfy one of the three additional requirements of Rule 23(b). Plaintiff asserts a class is appropriate under Rule 23(b)(3). (*See* Mot. 9). Rule 23(b)(3) provides certification is available if the Court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry . . . is far more demanding than Rule 23(a)'s commonality requirement." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (citation and internal quotation marks omitted).

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "[a]lthough the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003) (citation omitted). Indeed, the Supreme Court has acknowledged "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,'. . . and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 161 (1982) (alteration added; internal citation omitted)). Finally, "[m]any courts comparing class actions to other adjudicative methods in FDCPA cases have concluded that class actions are a more efficient and consistent means of trying the legality of collection letters." *Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529, 538 (11th Cir. 2017) (alteration added; internal quotation marks and citations omitted).

### III. ANALYSIS

#### A. The FDCPA and FCCPA

"The [FDCPA] provides a civil cause of action against any debt collector who fails to comply with the requirements of the Act." *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (alteration added; citation omitted). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a debt collector under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Michael v. HOVG, LLC*,

232 F. Supp. 3d 1229, 1233–34 (S.D. Fla. 2017) (internal quotation marks omitted) (quoting *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306–07 (S.D. Fla. 2011)).

Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (alteration added). Under section 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f (alteration added). Whether a communication violates the FDCPA is judged by an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The least sophisticated consumer possesses a "rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (internal quotation marks and citation omitted).

"The FCCPA is 'a Florida state analogue to the federal FDCPA,' and both statutes are intended to eliminate abusive practices used by debt collectors." *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1286 (M.D. Fla. 2017) (footnote call number, internal quotation marks, and citations omitted). The FCCPA makes it unlawful for a debt collector to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9) (alteration added). "To establish a violation under section 599.72(9) of the FCCPA, it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Daniel v. Select Portfolio Servicing, LLC*, 159 F. Supp. 3d 1333, 1336 (S.D. Fla. 2016) (internal quotation marks

and citation omitted).

### B. Class Certification

#### 1. Class Definition

"Before analyzing the Rule 23(a) requirements, or as part of the numerosity inquiry, a court must determine whether the class definition is adequate." *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 477 (S.D. Fla. 2006) (citing cases). "In order for a party to represent a class, the class sought to be represented must be adequately defined and clearly ascertainable." *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 668 (S.D. Fla. 2009) (quoting *Fisher v. Ciba Specialty Chem. Corp.*, 238 F.R.D. 273, 301 (S.D. Ala. 2006)).

Plaintiff's Complaint defines two classes, while in the Motion Plaintiff only requests certification of the single, described class. (*See* Mot. 6). Acknowledging the FDCPA has a one-year statute of limitations, 15 U.S.C. § 1692k(d), while the FCCPA has a two-year statute of limitations, Fla. Stat. § 559.77(4), Plaintiff proposes the Court certify a single class, with class members' recovery being calculated according to the dates on which each member was sent the offending collection letter. (*See id.* 6–7). Plaintiff describes how actual damages may be addressed depending on whether a class member made a payment in response to the specific letter template Defendant used, whether a class member made a payment online and what Defendant's website may have indicated as to the time-barred nature of the debt, or whether a class member made payment by phone and what the telephonic disclosures may have been. (*See id.* 7–8). Plaintiff cursorily acknowledges if Defendant demonstrates some further individual inquiry is necessary, then the Court may amend the certification order to exclude such individuals from the class. (*See id.* 8 (citation omitted)).

Defendant does not take issue with the class definition or with the three possible

scenarios Plaintiff speculates may arise as to those members seeking the recovery of actual damages. Of course, to the extent a class member seeks only the recovery of statutory damages, the three scenarios are inapplicable. The Court finds the class is accurately defined, as it is concise and specific, and permits ready identification of the individuals who comprise the class.

### 2.     *Rule 23(a)(1)–(3) Requirements*

As noted by Plaintiff, Defendant does not contest that Plaintiff has satisfied the Rule 23(a) requirements of numerosity and commonality[3]. (*See* Reply 3); Fed. R. Civ. P. 23(a)(1) & (2). The Court finds Plaintiff has satisfied Rules 23(a)(1) & (2). *See, e.g.*, *Vega*, 564 F.3d at 1268 (stating showing commonality is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common" "or that the common questions of law or fact 'predominate' over individual issues." (internal quotation marks and citation omitted)).

Defendant raises the following objections to Plaintiff's request for certification of an FDCPA and FCCPA class: (1) Plaintiff's request for actual damages defeats class certification, as typicality[4] under Rule 23(a)(3) and predominance under Rule 23(b)(3) are not shown; and (2) Plaintiff fails to satisfy Rule 23(a)(4)'s adequacy requirement. (*See generally* Resp.). The Court therefore focuses its analysis on these objections.

As described, Plaintiff's legal claims and damages theory rest on the premise that

---

[3] Plaintiff is correct in pointing out while Defendant states in a section header that commonality is lacking, the only arguments asserted in this regard deal with Rule 23's predominance requirement. (*See* Reply 3).

[4] Defendant also makes the arguments Plaintiff does not satisfy typicality because: (1) while Plaintiff alleges violations of the FDCPA under sections 1692e and 1692f, he does not have a cognizable claim under either provision (*see* Resp. 12); and (2) even if the claims can be sustained, Plaintiff does not possess the same interests as the proposed class members because he did not make a payment in response to the Collection Letter and so did not in theory risk revival of, or creation of, a new enforceable obligation (*see id.* 13). The Court does not find it necessary to reach these arguments.

individuals made payments in response to collection letters from the Defendant that disclosed Defendant "will not sue" the recipients of the letters. Plaintiff seeks to recover on behalf of his defined class not only statutory damages, but also actual damages consisting of the payments class members made in direct response to the letters. Actual damages under the FDCPA "include any out of pocket expenses in addition to damages for personal humiliation, embarrassment, mental anguish, or emotional distress." *Adams v. Capital Accounts, LLC*, No. CV 207–129, 2009 WL 10697530, at *2 (S.D. Ga. Feb. 5, 2009) (citation omitted); *see Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916–17 (11th Cir. 2011) (citation omitted). Plaintiff indicates he will only seek to recover payments made by class members in direct response to the specific letter template used in this case (*see* Mot. 7); consequently, there would be no individualized issues concerning emotional distress damages.

Defendant asserts the damages component of the case will require examination of individualized issues. According to Defendant, Plaintiff and each class member will necessarily have the burden of proving Defendant's collection letters proximately caused each one to make a payment to the Defendant. (*See* Resp. 11 (citing *McMahon v. LVNV Funding, LLC*, 301 F. Supp. 3d 866, 881 (N.D. Ill. 2018) (Under section 1692k, the "plaintiff and the class members must prove that the actual damages they seek were sustained . . . as a result of defendant['s] fail[ure] to comply with the FDCPA" (first alteration added; second alteration in original))); *see also Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1211 (M.D. Fla. 2015) ("In determining what actual damages are appropriate . . . the Court has only considered those damages caused by the Bank's FDCPA and FCCPA violations, and not any distress caused by other aspects of the Bank's improper servicing of the Goodins' account." (alteration added)).

Defendant is correct in pointing out that proof regarding causation will necessarily

include, from the Defendant at least, individualized considerations of whether each class member made a payment after receiving a collection letter, and if so, whether the payment was made as a result of the letter. (*See* Resp. 11). In *McMahon*, 301 F. Supp. 3d at 881, in addressing cross-motions for summary judgment, the court noted the possibility of a class member making a payment after receiving a debt collection letter but not because he or she actually read the letter; in such case, the class member cannot obtain actual damages based on an FDCPA violation. In contrast, a class member who seeks only statutory damages — such as Plaintiff — need not show he or she was confused or deceived by Defendant's collection letters. *See, e.g.*, *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

In defending claims for actual damages sustained by class members — but not sustained by Plaintiff, who was not deceived and made no payment — Defendant will want to explore whether the class member read the collection letter prior to sending payment, whether payment was made for another reason such as a moral reckoning, and how much time passed between the class member's receipt of the letter and the date payment was made. (*See* Resp. 11). Each of these defensive issues will require individualized proof not capable of being resolved with evidence common to the putative class Plaintiff proposes.

It is certainly true, as urged by Plaintiff (*see* Reply 4–5), that typicality "does not require identical claims or defenses. A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (noting "[t]hat plaintiffs may have suffered greater damage than other passengers . . . does not render them atypical. Differences in the amount of damages between the class representative and other class members does not affect typicality." (citation omitted)). The Court therefore

rejects Defendant's position individualized damage and causation inquiries with regard to class members seeking actual damages defeats typicality under Rule 23(a)(3).

### 3. Rule 23(b)(3) – Predominance

Predominance under Rule 23(b)(3), however, is another matter. To determine whether predominance is satisfied, the Court must identify the parties' claims and defenses, and their elements, as has been done here. *See Brown v. Electrolux Home Prods. Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (citing *Klay*, 382 F.3d at 1254 n.7). Next, the Court classifies "these issues as common questions or individual questions by predicting how the parties will prove them at trial." *Id.* (citation omitted). This, the Court has also done by pointing out Defendant's concerns with establishing causation as to actual payments made in response to collection letters, an important question that will need to be established by each member seeking actual damages at trial; and Plaintiff's own recognition representations made on Defendant's website and telephone communications will also involve individual questions of causation as to actual payments. *See Brown*, 817 F.3d at 1234 ("Common questions are ones where the same evidence will suffice for each member, and individual questions are ones where the evidence will var[y] from member to member." (internal quotation marks and citation omitted; alteration in original)).

The Eleventh Circuit instructs courts to use the following rule of thumb in assessing predominance:

> If common issues truly predominate over individualized issues in a lawsuit, then the addition or subtraction of any of the plaintiffs to or from the class should not have a substantial effect on the substance or quantity of evidence offered. If, on the other hand, the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate.

*Id.* at 1235 (alterations in original and citation omitted).

It is apparent certifying Plaintiff's proposed class, that includes members seeking only

statutory damages and members seeking actual damages, will not "achieve economies of time, effort, and expense" or promote "uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Admittedly, "individual damage calculations generally do not defeat a finding that common issues predominate." *Brown*, 817 F.3d at 1239 (quotation marks and citation omitted). A class action may be maintained despite the need to prove individual damages. *See id.* (citing cases). Yet, "individual damages defeat predominance if computing them will be . . . fact-specific," "where the burden on the court system would be simply intolerable," and where "they are accompanied by significant individualized questions going to liability." *Id.* at 1240 (internal quotation marks and citations omitted).

As already explained, individual issues permeate the claims of putative class members seeking the recovery of actual damages, both as to the nature and content of Defendant's communications with each, as well as liability to the extent Defendant is entitled to probe questions addressing causation with each such member. Plaintiff states "[t]his Court has found that the predominance prong of Rule 23(b)(3) is satisfied in actions like this" (Mot. 18 (alteration added)), while citing to an FDCPA class certification decision from another judge in this District in a case that did not involve actual damages. (*See id.* (citing *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. 2014))). In apparent recognition of the challenge posed by certification of a hybrid class consisting of members seeking statutory damages as well as others seeking actual damages, in his Reply, for the first time, Plaintiff proposes the Court allow the trial to proceed as to liability and statutory damages first, and then decertify the action and require members to file individual actions to recover actual damages or require such class members to submit their claims to a special master. (*See* Reply 7). But arguments raised for the

16

first time in a reply memorandum are not properly before the Court. *See Herring v. Sec'y, Dep. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (citations omitted); *Butler v. Cleburne Cnty. Comm'n*, No. 1:10–cv-2561–PWG, 2012 WL 2357740, at *6 (N.D. Ala. Jan. 17, 2012) ("[T]he court generally does not consider issues or arguments raised for the first [time] in a reply, for to do so deprives the non-movant of a fair opportunity to respond." (alterations added; citations omitted)).

The Court, having engaged in the required "qualitative assessment" of the claimed common versus individual matters, *Brown*, 817 F.3d at 1235 (internal quotation marks and citations omitted), is not satisfied Plaintiff has established "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 4. *Rule 23(a)(4) – Adequacy*

Defendant also opposes class certification on the basis Plaintiff fails to satisfy adequacy, as required under Rule 23(a)(4). To satisfy the adequacy requirement, Plaintiff and his counsel must demonstrate they will adequately protect the interests of the putative class. *See Valley Drug Co.*, 350 F.3d at 1187. The adequacy-of-representation analysis is comprised of two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class[,] and (2) whether the representatives will adequately prosecute the action." *Dickens*, 706 F. App'x at 535 (internal quotation marks and citation omitted; alteration in original).

According to Defendant, Plaintiff cannot adequately represent the class he proposes be certified because he does not possess the same interests as the class nor has he suffered the same injury as class members. (*See* Resp. 15). Again, the criticism relates to Plaintiff's request for

actual damages and motivation to actively seek recovery of actual damages when he did not even make a payment in response to the Collection Letter. (*See id.*). Defendant also complains Plaintiff lacks a basic understanding of the nature of this suit, citing to several answers given by Plaintiff at his deposition, evidencing his lack of familiarity with his own case. (*See id.* 15–18). Finally, Defendant states Plaintiff's "concocted claim is driven by counsel with limited participation from Plaintiff." (*Id.* 18).

With regard to Defendant's attack on Plaintiff's ability to represent a class whose members include consumers who suffered actual damage, Plaintiff insists (*see* Reply 5) as long as his "and the class members' injuries arose out of the same violative conduct, []he may properly represent" the proposed class. *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998) (alteration added). And "attacks on a class representative's knowledge of and involvement in a case are . . . generally irrelevant to the adequacy inquiry." *County of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 669 (S.D. Fla. 2010) (alteration added) (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 370–73 (1966) (concluding class representative was adequate although she was not proficient in English, did not understand the claims made, and only had a "very small degree of knowledge" of the lawsuit); other citations omitted)). After reviewing Plaintiff's deposition testimony, the Court agrees with Defendant Plaintiff has minimal knowledge of his claims, and he may not "be the 'best of all possible Plaintiffs.'" *Sanchez v. The Signal*, 05-22259-Civ, 2007 WL 9701694, at *3 (S.D. Fla. Apr. 3, 2007). But "it is not necessary for named class representatives to be knowledgeable, intelligent or have a firm understanding of the legal or factual basis on which the cases rests in order to maintain a class action," *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 517 (S.D. Fla. 2013) (internal quotation marks and citation omitted).

The Court therefore rejects Defendant's attacks to class certification based on Plaintiff's failure to satisfy the Rule 23(a)(4) adequacy requirement.

## IV.  CONCLUSION

In his Motion, Plaintiff proposed the certification of one FDCPA and FCCPA class, with members' recovery being calculated according to the dates on which they were sent collection letters.  "Even if plaintiff's proof might have satisfied Rule 23's requirements so as to certify a [narrower class seeking only statutory damages] . . . []he never proposed such a class." *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1567 (11th Cir. 1987) (alterations added).  Based upon the class definition Plaintiff proposed in his Motion, the Court finds Rule 23(b)(3)'s predominance requirement is not satisfied.  The remedies Plaintiff suggests for addressing the many individualized causation and damages questions weighing down the actual damages class members' claims were dismissively brushed away in the Motion by the casual invitation the Court "may amend the certification order to exclude such individuals from the class" (Mot. 8); and are improperly, albeit more concretely, presented in a reply memorandum for the first time.

Consequently, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff, Leonardo Gomes's Motion for Class Certification and Appointment of Class Representative and Class Counsel **[ECF No. 44]** is **DENIED**.  Plaintiff shall respond to Defendant's Motion for Summary Judgment [ECF No. 41] by March 15, 2019.

**DONE AND ORDERED** in Miami, Florida, this 28th day of February, 2019.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record