UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21872-CIV-ALTONAGA/Goodman

**LEONARDO GOMES**,

    Plaintiff,

v.

**PORTFOLIO RECOVERY
ASSOCIATES, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Portfolio Recovery Associates, LLC's Motion for Summary Judgment [ECF No. 41], submitted with its Statement of Material Facts [ECF No. 42] ("Def.'s Facts"). Plaintiff, Leonardo Gomes, filed a Response [ECF No. 64] and a Response to Defendant's Statement of Material Facts [ECF No. 65] ("Pl.'s Facts"), to which Defendant filed a Reply [ECF No. 66]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

### I.  BACKGROUND

This is a quintessential Fair Debt Collection Practices Act ("FDCPA") case, arising out of Defendant's attempt to collect Plaintiff's time-barred credit card debt through a purportedly false, misleading, and deceptive collection letter. (*See generally* Complaint [ECF No.1]). Defendant Portfolio Recovery Associates, LLC is a debt collector that regularly purchases and attempts to collect on time-barred debts.[1] (*See id.* ¶ 27). Plaintiff Leonardo Gomes incurred a debt ("Debt")

---

[1] Florida has a five-year statute of limitations for initiating legal action on a debt. *See* Fla. Stat. § 95.11(2)(b).

using a personal credit card account through Capital One Bank. (*See id.* ¶¶ 24–25). In 2010, Plaintiff made his last payment on the Debt. (*See id.* ¶ 30).

Defendant acquired Plaintiff's Debt from Capital One in 2014 and marked the account as time-barred in its records. (*See* Def.'s Facts ¶¶ 8–9). According to Defendant, once an account is marked as time-barred, "it remains that way and will never be sold or sent out for suit regardless of any intervening circumstances, such as whether the consumer makes a payment." (*Id.* ¶ 9). Plaintiff disputes this statement. (*See* Pl.'s Facts ¶ 9). Even though the Debt is time-barred, Defendant has sent collection letters to Plaintiff since April 1, 2014.[2] (*See* Def.'s Facts ¶ 12).

In September 2015, Defendant entered into a consent order (the "Consent Order") with the Consumer Financial Protection Bureau ("CFPB"). (*See id.* ¶ 2). The Consent Order requires Defendant include specific disclosures in its attempts to collect any time-barred debt. (*See id.* (citing *In re Portfolio Recovery Assocs., LLC*, CFPB Administrative Proceeding No. 2015-CFPB-0023, Doc. 1 ¶ 126(b) (Sept. 9, 2015))).[3] After the Consent Order was issued, Defendant updated its policies, procedures, letter templates, and training materials. (*See id.* ¶ 3).

On May 16, 2017, Defendant sent Plaintiff a collection letter (the "Collection Letter") containing several payment options. (*See* Compl. ¶¶ 28, 36–40). The Collection Letter did not expressly state Defendant was legally prohibited from suing Plaintiff on the Debt. (*See id.* ¶ 52). Rather, the Collection Letter included the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (Collection Letter [ECF No. 1-1]).

---

[2] It is not unlawful for debt collectors to seek voluntary repayment of a time-barred debt. *See Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-cv-2520, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016).

[3] The Consent Order is available at https://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf.

The Collection Letter also does not warn Plaintiff partial payment may, in some cases, renew the statute of limitations. (*See* Compl. ¶¶ 57, 59). Defendant asked Plaintiff to make partial payments on the time-barred Debt by including an option to make monthly payments, ranging from 6 to 12 months. (*See id.* ¶ 58). Plaintiff alleges Defendant's failure to explain that a partial payment could revive the statute-of-limitations period for the Debt is unconscionable (*see id.* ¶ 60); and the Collection Letter is false, misleading, and deceptive (*see id.* ¶ 61).

On May 10, 2018, Plaintiff sued Defendant under the FDCPA, *see* 15 U.S.C. §§ 1692e, 1692f; and the Florida Consumer Collections Protection Act ("FCCPA"), *see* Fla. Stat. § 559.72(9). (*See generally id.*). Plaintiff alleges Defendant violated (1) the FDCPA, 15 U.S.C. section 1692e, by making false, deceptive, or misleading representations in connection with the collection of a debt ("Count I") (*see id.* ¶¶ 83–87); (2) the FDCPA, 15 U.S.C. section 1692f, by using unfair or unconscionable means to collect, or attempt to collect, a debt ("Count II") (*see id.* ¶¶ 88–91); and (3) the FCCPA, Florida Statute section 559.72(9), by sending the Collection Letter and asserting the existence of a legal right when it knows the right does not exist ("Count III") (*see id.* ¶¶ 92–94).

Defendant now moves for summary judgment. Defendant argues the Collection Letter is factually accurate and not false, deceptive or misleading. (*See* Mot. 4–5). Defendant also contends it is entitled to safe harbor protection under the FDCPA because it complied with the Consent Order. (*See id.*). Plaintiff opposes summary judgment, arguing the question whether the Collection Letter is false or misleading is for the trier of fact to decide at trial. (*See* Resp. 2).

## II. LEGAL STANDARD

Summary judgment may only be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the

movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court draws all reasonable inferences in favor of the party opposing summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).

If the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by: (1) establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim, and (2) showing the Court that there is not sufficient evidence to support the non-moving party's case. *See Blackhawk Yachting, LLC v. Tognum Am., Inc.*, No. 12-14209-CIV, 2015 WL 11176299, at *2 (S.D. Fla. June 30, 2015) (citations omitted). "Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must cite to . . . materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute." *Id.* (citing Fed. R. Civ. P. 56(c)(1)) (alteration added; internal quotation marks omitted). If there are any factual issues, summary judgment must be denied and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)).

### III.   ANALYSIS

#### A.   The FDCPA: Counts I and II

To prevail on a claim under the FDCPA, a plaintiff must show: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined

by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (citation omitted); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

The parties agree Defendant is a debt collector engaging in collection activity to recover Plaintiff's outstanding consumer debt. (*See generally* Pl.'s Facts; Def.'s Facts). The first and second elements are undisputed. The only element in dispute is whether Defendant engaged in any practice prohibited by the FDCPA.

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e (alteration added). Section 1692f provides "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f (alteration added). Courts apply the "least-sophisticated consumer" test in evaluating whether a debt collector's communication violates section 1692e or 1692f of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1200 (11th Cir. 2010) (footnote call number and citation omitted). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* at 1194 (internal quotation marks and citation omitted). The test also has an objective component: "[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* (internal quotation marks and citations omitted; alteration in original).

   *i.*  *Count I*

In Count I, Plaintiff alleges the Collection Letter was false, deceptive, and misleading

under section 1692e of the FDCPA because it could 1) mislead the least sophisticated consumer into believing the debt was enforceable; and 2) induce the least sophisticated consumer into restarting the statute of limitations on the debt by making a partial payment. (*See* Compl. ¶¶ 85–86).

Defendant argues Plaintiff could not have been misled by the Collection Letter because a partial payment does not revive a time-barred debt or create a new, enforceable obligation under Florida law. (*See* Mot. 4). Defendant also asserts the language in the Collection Letter, including Defendant's disclosure "we will not sue you," is factually accurate. (*Id.* (internal quotation marks omitted)). Plaintiff disagrees, insisting the Collection Letter "is filled with deceptive language and innuendo" and does not state Defendant *cannot* sue; only that it *will* not sue. (Resp. 7). Plaintiff contends "[i]t is the jury's role to decide, from the evidence, how the least sophisticated consumer would view the letter." (*Id*. 11 (alteration added)). Plaintiff is correct the issue raised is for the jury and not the Court by way of summary judgment.

A "collection letter can be literally true and still be misleading . . . if it leaves the door open for a false impression." *Dunbar v. Kohn Law Firm, S.C*, 896 F.3d 762, 765 (7th Cir. 2018) (internal quotation marks and citations omitted; alteration in original omitted; ellipses added). Defendant argues its "simple and unconditional statement that it would not sue Plaintiff because of the age of the debt was completely accurate and could never be false." (Mot. 11). Defendant contends, consistent with its internal policies, it "*never*" treats a payment as reviving the statute of limitations, nor does it sue any consumer whose debt was previously time-barred or sell the account to any third party. (*Id.* 4 (emphasis in original)). Even if Defendant is "true to its word" and the Collection's Letter's representations are accurate, the Collection Letter may still be misleading. (Reply 1).

6

Despite the literal truth of the Collection Letter's representations, the parties dispute the inferences that can be drawn from it. Plaintiff argues "the statement that [Defendant] 'will not sue' does not foreclose the reasonable interpretation that the debt is still enforceable." (Resp. 7 (alterations added)). Plaintiff contends the least sophisticated consumer "might reasonably believe that the only reason that [Defendant] is still sending him letters is because the debt *is still enforceable*." (*Id.* (alteration added; emphasis in original)).

The parties' conflicting interpretations of the Collection Letter present a triable issue of fact for a jury to decide — whether Defendant's representations are misleading. *See Jackson v. Carrington Mortg. Servs., LLC*, No. 17-60516-CIV, 2017 WL 4347382, at *4 (S.D. Fla. Sept. 29, 2017) (stating differences in interpretation present genuine issues of material fact); *see also LeBlanc*, 601 F.3d at 1197 ("[W]here the parties reasonably disagree on the proper inferences that can be drawn from [a] debt collector's letter, resolution is for the trier of fact — not for the [C]ourt on summary judgment." (alterations added; citation omitted)).

Further, "reasonable jurors applying the 'least-sophisticated consumer' standard could disagree as to the inferences to be drawn" from the Collection Letter. *Id.* at 1196. A consumer may reasonably construe the Collection Letter to carry several different meanings regarding the enforceability of the debt, Defendant's ability to sue on the debt, and the effect of a consumer's partial payment on the debt. Given the Collection Letter does not explicitly address these possibilities beyond a one-line disclosure, the trier of fact may reasonably conclude the Collection Letter leaves "the door open for a false impression." *Dunbar*, 896 F.3d at 765 (internal quotation marks and citation omitted); *see also Melillo v. Shendell & Assocs., P.A.*, No. 11-62048-CIV, 2012 WL 253205, at *5 (S.D. Fla. Jan. 26, 2012) (stating "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."

(alteration in original; internal quotation marks and citation omitted)).

Whether Defendant's representations are misleading is a question for the trier of fact, rather than the Court, to decide. *See LeBlanc*, 601 F.3d at 1197; *see also Melillo*, 2012 WL 253205, at *6 ("Any factual disputes regarding whether the letter is susceptible to more than one reasonable interpretation . . . [or] whether the letter is deceptive or misleading . . . will be for the jury to decide." (alterations added)).

   ii.  Count II

In Count II, Plaintiff asserts Defendant violated section 1692f of the FDCPA because the Collection Letter attempts to induce Plaintiff to 1) make a partial payment toward the debt, which would have renewed the statute of limitations; or 2) enter a payment plan on the debt, which would have created a new, enforceable obligation. (*See* Compl. ¶¶ 90–91). Defendant again argues its internal policies preclude it from treating a payment as reviving the statute of limitations, and thus there was "no potential pitfall to a partial payment." (Mot. 11).

A defendant's collection action should be viewed "through the lens of the 'least sophisticated consumer,'" not the offending party's intent. *LeBlanc*, 601 F.3d at 1200. Even if Defendant did not intend to induce consumers to make a payment in order to revive a time-barred debt, a jury may find an unsophisticated consumer wary of debt collection efforts could reach that conclusion. *See id.* at 1195. "Whether [a Collection Letter] constitutes an 'unfair or unconscionable means to … attempt to collect a debt' for purposes of [section] 1692f presents a jury question." *Id.* at 1201 (alterations added).

  **B.**  **The FCCPA: Count III**

In Count III, Plaintiff brings a claim under the FCCPA. "The FCCPA is 'a Florida state analogue to the federal FDCPA,' and both statutes are intended to eliminate abusive practices used

by debt collectors." *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1286 (M.D. Fla. 2017) (footnote call number, internal quotation marks, and citations omitted). The FCCPA makes it unlawful for a debt collector to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9) (alteration added). "To establish a violation under section 559.72(9) of the FCCPA, it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Daniel v. Select Portfolio Servicing, LLC*, 159 F. Supp. 3d 1333, 1336 (S.D. Fla. 2016) (internal quotation marks and citation omitted).

Plaintiff alleges Defendant violated section 559.72(9) of the FCCPA by sending the Collection Letter. (*See* Compl. ¶ 94). Plaintiff suggests Defendant — by issuing the Collection Letter in an attempt to enforce a time-barred debt — asserted a legal right it knows does not exist. (*See id*.). For the most part, the parties fail to address the elements of a claim under the FCCPA in their briefing, appearing instead to conflate their arguments regarding the FCCPA claims with the FDCPA claims. (*See generally* Mot.; Resp.). Defendant argues as much in its Reply, contending Plaintiff's failure to respond to its argument as to the FCCPA warrants the entry of summary judgment in its favor. (*See* Reply 9). The Court is unpersuaded.

As the Court stated in its earlier Order on Defendant's Motion to Dismiss [ECF No. 27] (the "Order"), the "issue presented is one of fact: whether Defendant's act of sending the Collection Letter in an attempt to enforce a debt was sufficiently confusing to imply a legal right existed when Defendant knew it did not." (*Id.* 12). This factual issue remains in dispute — the record contains evidence of the parties' disagreements regarding the effects of the Collection Letter, including whether it implies a legal right to collect on the debt. As noted, resolution of such a dispute "is

9

for the trier of fact — not for the [C]ourt on summary judgment." *LeBlanc*, 601 F.3d at 1197 (alteration added); *see also Newman v. Ormond*, 456 F. App'x 866, 868 (11th Cir. 2012) ("[W]here the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context." (alteration added; citation omitted)).

### C. Safe Harbor Protection Defense and the CFPB Consent Order

Finally, Defendant argues summary judgment is appropriate because it is entitled to safe harbor protection under section 1692k(e) of the FDCPA. (*See* Mot. 17–19). Section 1692k(e) states "[n]o provision . . . imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the [CFPB]." 15 U.S.C. § 1692k(e) (alterations added).

Defendant states the Collection Letter complies with the CFPB's requirements and "contained the exact language required by the Consent Order." (Mot. 18 (citation omitted)). According to Plaintiff: 1) the Consent Order is not an advisory opinion and compliance with its requirements may not warrant safe harbor protection under section 1692k(e); and 2) even if safe harbor protection does apply, whether Defendant complied with the Consent Order's requirements is in dispute and should be decided by a jury. (*See* Resp. 15–16). The Court again agrees with Plaintiff.

Defendant acknowledges the "consent decree is not technically an advisory opinion . . . ." (Reply 7 (alteration added)). Still, Defendant contends "[a] publicly available consent decree has a similar – if not stronger – effect as an advisory opinion regarding the conduct at issue." *Gutierrez v. Portfolio Recovery Assocs., LLC*, No. CV 18-9890, 2019 WL 422195, at *1 (C.D. Cal. Feb. 1,

2019) (alterations added). Be that as it may, "it is not clear that the [section] 1692k(e) safe harbor applies" to consent decrees. *Id.* (alterations added).

In any event, as Plaintiff notes, whether the Collection Letter meets the Consent Order's requirements is a question of fact. (*See* Resp. 15). For example, the Consent Order requires necessary disclosures be made "[c]learly and [p]rominently" and prohibits any language or action that detracts from the disclosure. (*Id.* 15–16 (alterations added; citation omitted)). The parties disagree whether Defendant's disclosure was prominently displayed — indeed, Plaintiff asserts the disclosure was "inconspicuously buried in a section of the letter that the consumer is unlikely to notice." (Resp. 6). Because "a reasonable jury could conclude the disclosure was not '[c]learly and [p]rominently' made or that the language surrounding the disclosure contradicts or undermines the disclosure" (Order 11 (alterations added)), summary judgment on the section 1692k(e) safe harbor defense is denied.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant, Portfolio Recovery Associates, LLC's Motion for Summary Judgment **[ECF No. 41]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of May, 2019.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record